UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRAKE J. CAGE,

       Plaintiff,

                                  Case No. 08-13731

v.

                                  Honorable Patrick J. Duggan

TUTTLE, SPEARS, McCANN,
MARZBURN, IRWIN, and OCHELADUS,

       Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 28, 2009.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Drake J. Cage ("Plaintiff"), formerly a state prisoner, filed this civil action

against defendants pursuant to 42 U.S.C. § 1983 on August 29, 2008.  In his complaint,

Plaintiff alleges that defendants, Oakland County Sheriff's Deputies, violated his

constitutional right to be free from cruel and unusual punishment and excessive force.  On

December 11, 2008, this Court referred all pre-trial matters in this case to Magistrate

Judge Donald A. Scheer.  On April 1, 2009, defendants filed a motion for summary

judgment.  In response, Plaintiff filed a counter motion for summary judgment on April 7,

2009.

On June 15, 2009, Magistrate Judge Scheer issued a Report and Recommendation

("R&R") recommending that this Court grant defendants' motion for summary judgment, deny Plaintiff's counter motion, and dismiss the complaint. Plaintiff filed objections to the R&R on July 1, 2009.

## I. Standard of Review

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

## II. Objections to the R&R

Although not separately numbered by Plaintiff, the Court discerns three separate objections in his filing. First, Plaintiff objects that Magistrate Judge Scheer unfairly accepted defendants' version of the events in question over his. (Pl.'s Objs. at 1-3.) Second, Plaintiff argues that Magistrate Judge Scheer wrongly applied to this case the Supreme Court's decision in *Whitley v. Albers*, 475 U.S. 312, 106 S. Ct. 1078 (1986). (Pl.'s Obj. at 3-5.) Third, Plaintiff asserts that it is impossible for minorities to get justice in Oakland County and asks this Court to intervene on his behalf. (Pl.'s Objs. at 1-2, 6.) The Court addresses the last objection first because that issue is dispositive.

The primary thrust of Plaintiff's objections to the R&R is that he has fallen victim to the "GREAT CONSPIRATORIAL MACHINE" of Oakland County's legal system and needs this Court's intervention to obtain justice. (Pl.'s Objs. at 1.) In making this argument, Plaintiff refers to the fact that he pled, in state court, and served time for

2

assaulting a deputy during the events that gave rise to this litigation.  Prisoners, however, are barred from using civil actions brought pursuant to 28 U.S.C. § 1983 as a means of challenging their criminal convictions.  *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994).

In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.*  Pursuant to this holding, this Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.*

In this case, Plaintiff alleges that, upon making a sarcastic remark, he was subjected to an otherwise unprovoked attack by six sheriff's deputies in the Oakland County jail. (Pl.'s Objs. at 2-4.)  Furthermore, Plaintiff maintains that, once the attack began, he did absolutely nothing in self-defense to justify the continued use of force against him.  (*Id.*)  Not surprisingly, then, Plaintiff denies that he assaulted any of the deputies.[1]  (*Id.*)  And because he claims to have been completely submissive, Plaintiff argues that any use of

---

[1]Plaintiff asserts that he pled guilty to the charge upon the advice of his attorney who indicated that he, an indigent black male, stood no chance against six white sheriff's deputies, a white judge, and what would be a primarily white jury in Oakland County, Michigan.  (Pl.'s Objs. at 6.)

force against him amounted to a violation of his constitutional rights.  (*Id.* at 3, 5.)
Plaintiff's version of the events in question, however, leaves no room for what remains a
valid assault conviction.

Although an assault conviction generally does not bar a claim for excessive force or
cruel and unusual punishment,[2] Plaintiff here presents an all or nothing theory of his case.
Importantly, Plaintiff does not argue that, even assuming he assaulted a deputy,
defendants nonetheless proceeded to inflict cruel and unusual punishment upon him.  To
the contrary Plaintiff appears to admit that what he is seeking in this civil case is the
"justice" he was unable to obtain in his criminal case.  (*See* Pl.'s Objs. at 6 ("I had no
choice but to plead guilty to the lies against me!  Your Honour [sic] I beseech you to
reconsider your decision, in the NAME of true AMERICAN JUSTICE that I could never
in a million years receive in Oakland County, a justice system onto [sic] itself above the
LAW of the LAND!!!").)  Quite simply, Plaintiff's theory of the case depends entirely
upon his assertion that he was completely submissive to defendants.  Therefore granting
Plaintiff relief in this civil action would necessarily imply the invalidity of his assault
conviction in violation of *Heck*.  As such, the complaint must be dismissed without
prejudice.[3]

Plaintiff's remaining objections likewise depend on his assertion that he was
completely submissive to the deputies.  Presumably because of Plaintiff's guilty plea to

---

[2]*Lockett v. Suardine*, 526 F.3d 866, 873 (6th Cir. 2008).

[3]Cases dismissed pursuant to *Heck* should be dismissed without prejudice so that
plaintiffs may re-assert their claims if they obtain reversal or expungement of their convictions.
*See Hodge v. City of Elyria*, 126 Fed. Appx. 222, 223 (6th Cir. 2005).

the assault charge, Magistrate Judge Scheer completed his legal analysis under the

assumption that Plaintiff admitted being the aggressor in the altercation that took place.

(*See* R&R at 5.)  Although Plaintiff denies such an admission in his objections, his

outstanding assault conviction bars any award of damages based on a theory that he was

completely submissive.  Until Plaintiff's assault conviction is reversed, expunged,

invalidated, or called into question, no further consideration of Plaintiff's civil claims can

be made.

Accordingly,

**IT IS ORDERED** that defendants' Motion for Summary Judgment is **GRANTED**.[4]

**IT IS FURTHER ORDERED** that Plaintiff's Counter Motion for Summary

Judgment is **DENIED**.

A judgment consistent with this opinion shall issue.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Drake J. Cage
2541 Meldrum Street
Detroit, Michigan 48207

William G. Pierson, Esq.

---

[4]Although Defendant Irwin has not been served and is not, therefore, properly before this Court, the reasoning in this opinion and order applies equally to all of the defendants and the claim against Defendant Irwin shall also be dismissed without prejudice.